

PROB 12C(d)
(03/06)

UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF CALIFORNIA

Petition for Warrant or Summons for Offender Under Supervision

FILED
AUG 1 4 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
      DEPUTY

**Name of Offender:** Virginio MARTINEZ-Perez (Spanish)    **Dkt No.:** 08-CR-00820-001-W

**Reg. No.:** 07291-298

**Name of Sentencing Judicial Officer:** The Honorable Thomas J. Whelan, U.S. District Judge

**Date of Sentence:** April 7, 2008

**Original Offense:** 8 U.S.C. § 1326(a), Deported Alien Found in the United States, a Class E felony

**Sentence:** 60 days' custody; 1 year supervised release. *(Special Conditions: Shall remain outside of the United States during the term of supervised release.)*

**Type of Supervision:** Supervised Release    **Date Supervision Commenced:** April 18, 2008

**Asst. U.S. Atty.:** Mark Conover    **Defense Counsel:** Ezekiel E. Cortez (Appointed)
                                                        (619) 237-0309

**Prior Violation History:** None.

---

PETITIONING THE COURT

TO ISSUE A NO-BAIL BENCH WARRANT

PROB 12C(d)

| | |
|---|---|
| Name of Offender: Virginio MARTINEZ-Perez | July 31, 2008 |
| Docket No.: 08-CR-00820-001-W | Page 2 |

The probation officer believes that the offender has violated the following condition(s) of supervision:

| **CONDITION(S)** | **ALLEGATION(S) OF NONCOMPLIANCE** |
|---|---|
| **(Mandatory Condition)** Not commit another federal, state, or local crime. *(mv1)* | 1. On or about May 2, 2008, Mr. Martinez-Perez, a previously deported alien, was found in the United States in violation of 8 U.S.C. § 1326, as evidenced by his conviction the U.S. District Court, Southern District of California, Docket No. 08-CR-01780-001-JAH. |
| **(Special Condition)** If deported, or returned to Mexico, not reenter the United States illegally and report to the probation officer within 24 hours of any reentry to the United States. *(nv35)* | 2. On or about May 2, 2008, Mr. Martinez-Perez, a previously deported alien, was found in the United States, as evidenced by his conviction in the U.S. District Court, Southern District of California, Docket No. 08-CR-01780-001-JAH. |

***Grounds for Revocation***: As to allegations 1 and 2, I received and reviewed the complaint (with probable cause statement) and information, which confirmed the following: On the above date, a U.S. Border Patrol agent responded to a call that a seismic intrusion device was activated in an area approximately one mile east of the Otay Mesa, California, Port of Entry, and approximately one mile north of the United States/Mexico International Boundary fence. Another agent was contacted and after a search of the area, both agents observed seven individuals walking northbound and attempting to conceal themselves in some brush. When agents questioned the individuals as to their nationality and country of citizenship, all individuals including Mr. Martinez-Perez, responded they were from Mexico, and did not have immigration documents that would allow them to enter or remain in the United States legally.

Records revealed that Mr. Martinez-Perez was deported from the United States on April 18, 2008.

On June 3, 2008, a one-count superseding information was filed in the U.S. District Court, Southern District of California, Docket No. 08-CR-01780-001-JAH, charging Mr. Martinez-Perez with a violation of 18 U.S.C. § 1001, False Statement to a Federal Officer. On July 2, 2008, Mr. Martinez-Perez pled guilty as charged, and sentencing without a probation officer's report was scheduled for August 4, 2008, before U.S. District Judge John A. Houston.

PROB 12C(d)

| | |
|---|---|
| Name of Offender: Virginio MARTINEZ-Perez | July 31, 2008 |
| Docket No.: 08-CR-00820-001-W | Page 3 |

**U.S. Probation Officer Recommendation:** If found in violation, that supervised release be revoked and the offender be sentenced to 10 months' custody, consecutive to any sentence he may be serving, pursuant to USSG §7B1.3(f), p.s. (An Expanded Violation Worksheet, 12CW(d), has been attached for the Court's review.)

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: July 31, 2008

Respectfully submitted:

*[signature]*

Mark R. Reinhardt
Supervising U.S. Probation Officer

Attachments

/pjk

PROB 12C(d)

| | |
|---|---|
| Name of Offender: Virginio MARTINEZ-Perez | July 31, 2008 |
| Docket No.: 08-CR-00820-001-W | Page 4 |

**THE COURT ORDERS:**

__X__  A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS.

(Currently detained at Western Regional Detention Facility, San Diego, California, under Registration No. 07291-298)

_____  Other _____

_____  _____
The Honorable Thomas J. Whelan                8/13/08
U.S. District Judge                                   Date

# EXPANDED VIOLATION WORKSHEET

1. **Defendant:** MARTINEZ-Perez, Virginio

2. **Docket No.** (Year-Sequence-Defendant No.): 08-CR-00820-001-W

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

   | Violation(s) | Grade |
   |---|---|
   | Deported Alien Found in the United States | B |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))  [B]

5. **Criminal History Category** (*See* USSG § 7B1.4(a))  [I]

6. **Statutory Maximum Term** (*Custody*) (*See* 18 U.S.C. § 3583(e)(3))
   Upon finding of a violation, the court may modify the conditions of supervision; extend the term if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. If the court revokes supervised release, the maximum term of imprisonment upon revocation is:  [12 months]

7. **Range of Imprisonment** (*Custody*) (*See* USSG § 7B1.4(a))
   A Grade B violation with a Criminal History Category I establishes an imprisonment range of:  [4-10 months]

8. **Statutory Maximum Term** (*Supervised Release*) (*See* 18 U.S.C. § 3583(b))
   If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. In this case, the court has the authority to reimpose a term of:  [12 months]

9. **Recommendation:**  [10 months' custody, consecutive to any other sentence being served. *See* USSG § 7B1.3(f)- w/ no supervised release to follow]

_____                    July 31, 2008
                                                  Date